UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:18-CV-054-TBR

DAVID MILLER D/B/A                                          PLAINTIFFS
WORLD FAMOUS LIBBY'S

v.

SENECA SPECIALTY INSURANCE COMPANY, INC.                    DEFENDANTS
A/K/A SENECA INSURANCE COMPANY, INC.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a motion to dismiss this action, or in the alternative, to transfer this action to the Bowling Green Division of the Western District of Kentucky by Defendant Seneca Specialty Insurance Company, Inc. ("Seneca"). [DN 5]. Plaintiff David Miller has responded, [DN 8], and Seneca has replied [DN 9]. Fully briefed, Defendant's motion is ripe for review, and for the following reasons, it is DENIED.

    **I.    BACKGROUND**

On October 10, 2013, a fire damaged Plaintiff's commercial building in Elkton, Kentucky and damaged Plaintiff's personal property located on the premises as well. [DN 1 at 2]. Defendant insured Plaintiff's business. [*Id.*] In his complaint, Plaintiff claims that he submitted a valuation report to Defendant as proof of loss but that Defendant has failed to pay under the terms of the insurance policy and that Defendant has been unwilling to negotiate under the terms of the contract. [*Id.* At 3].

Plaintiff filed this action in the Western District of Kentucky, Paducah Division. Under 28 U.S.C. § 1406(a) and Local Rule of Civil Practice 3.2, Defendant claims that venue is improper in the Paducah Division of the Western District of Kentucky and seeks to dismiss this action, or in the alternative, transfer this action to the Bowling Green Division of the Western District of Kentucky. [DN 5].

## II.     LEGAL STANDARD

Federal law provides that "[a] civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Even if venue is proper, however, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Once challenged, Plaintiff bears the burden of showing that its initial choice of venue is proper." *Sechel Holdings, Inc. v. Clapp*, No. 3:12-CV-00108-H, 2012 U.S. Dist. LEXIS 108298, 2012 WL 3150087, at *2 (W.D. Ky. Aug. 2, 2012) (Heyburn, J.) (citing *Crutchfield v. Santos*, No. 5:07-CV-94-R, 2007 U.S. Dist. LEXIS 86558, 2007 WL 4124713, at *1 (W.D. Ky. Nov. 19, 2007) (Russell, J.)). "The Court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." *NHCLC-Seattle, LLC v. Kauffman*, No. 13-12804, 2013 U.S. Dist. LEXIS 174421, 2013 WL 6474197, at *2 (E.D.

Mich. Dec. 10, 2013) (quoting *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002)).

There is no statutory requirement that venue in federal civil cases be laid in a particular division within a district. *In re Gibson*, 423 Fed. Appx. 385, 388 (5th Cir. 2011). Both the Western and Eastern Districts of Kentucky, however, have adopted Joint and Local Rules of Civil Practice which contain standardized procedures for the assignment and transfer of civil actions filed within the district. The local rules "must be construed . . . to secure the just, efficient and economical determination of civil actions." Local Rule 1.1. Local Rule 3.2(f) addresses the transfer of venue, it provides:

> Any civil action or proceeding may, in the discretion of the Court, be transferred from the jury division in which it is pending to any other division for the convenience of the Court, parties, witness, or in the interest of justice.

LR 3.2(f).

The standards of the general venue transfer statutes—28 U.S.C. § 1404 and § 1406—apply to motions to transfer under the local rules, including motions for intra-district transfers. *See Monroe v. Walmart Stores Texas, LLC*, 2012 WL 3887006, *4 (E.D. Tex. 2012). Where venue is proper in the district where the action is pending, 28 U.S.C. 1404(a) provides that for "the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In deciding whether to transfer a case § 1404(a) requires a two-part analysis. The Court must first determine if the action could have originally been filed in the transferee district. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). If

so, the Court must then determine "whether, on balance, a transfer would serve 'the convenience of the parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine. Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013) (quoting 28 U.S.C. § 1404(a)).

The second step in the Court's analysis requires it to evaluate various private and public-interest factors, typically "giv[ing] some weight to the [plaintiff's] choice of forum." *Id.* Factors relevant to the parties' private interests include (1) the convenience of the parties, (2) the convenience of the witnesses, (3) the accessibility of relevant evidence, (4) the availability of compulsory process to make reluctant witnesses testify, (5) the cost of obtaining willing witnesses' testimony, and (6) any other practical problems that make trial of a case easy, expeditious, and inexpensive. *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009); *see also Atl. Marine*, 134 S. Ct. at 581 n.6. Relevant public-interest factors include (1) administrative difficulties flowing from court congestion, (2) the local interest in deciding the controversy at home, and (3) in a diversity case, the interest of having the trial in a forum familiar with governing law. *Atl. Marine*, 134 S. Ct. at 581 n.6. While this list of factors is non-exhaustive, it is illustrative of the issues typically considered by the courts of this Circuit. "As the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate." *Reese*, 574 F.3d at 320. The movant bears the burden of showing that transfer is appropriate. *Boiler Specialists, LLC v. Corrosion Monitoring Servs., Inc.*, No. 1:12-CV-47, 2012 WL 3060385, at *2 (W.D. Ky. July 26, 2012) (collecting cases).

### III. DISCUSSION

Venue in the Western District of Kentucky is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in Todd County, Kentucky. In fact, both parties agree that the events giving rise to this claim occurred in the Western District of Kentucky [DN 5 at 2; DN 8 at 1-2]. Because venue is proper in the Western District of Kentucky, this action may not be dismissed or transferred under 28 U.S.C. § 1406.

Defendant claims that while venue may be proper in the Western District of Kentucky, it is improper in the Paducah Jury Division. [DN 5 at 2]. The federal venue statute, however, speaks only in terms of districts and does not mention divisions. *See* 28 U.S.C. § 1391. Furthermore, the Joint Local Rules of Civil Practice do not address venue. *See* LR 3.1; 3.2. The Local Rules merely provide "standardized procedures for the convenience of the bench and bar." LR 1.1. The Rules must be "construed to . . . secure the just, efficient and economical determination of civil actions." *Id.* In this case, a transfer would be inefficient and wasteful. For the following reasons, this Court finds that a transfer is not in the interest of justice and therefore declines to transfer the action under LR 3.2(f).

First, it is important to note that this action could have been filed in the Bowling Green Jury Division because a substantial part of the events giving rise to this claim occurred within that division. [DN 5 at 2; DN 8 at 1-2]. Therefore, it is necessary to determine "whether on balance, a transfer would serve 'the convenience of the parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine*, 134 S. Ct. at 581. In this case, the movant has not met its burden

to prove that a transfer is in the interest of justice. First, it is necessary to consider any relevant private interest factors. Although the fire occurred in the Bowling Green Jury Division, the difference in distance between the location of the fire and the Paducah or Bowling Green District Court is insignificant. In other words, it will not be significantly less burdensome on the Defendant to investigate the circumstances of the fire or the disposition before the fire of claimed property if the action is moved to Bowling Green because the property in controversy is located roughly half-way between the Paducah and Bowling Green courthouses. Furthermore, most witnesses will likely be located in or around Elkton, Kentucky, which is located roughly half-way between the Paducah and Bowling Green Courthouses. Due to the location of the events giving rise to this action, neither jury division is significantly more convenient for the Defendant.

The Paducah Division, however, is more convenient to the Plaintiff. The Plaintiff elected to file his claim in the Paducah Jury Division, and this fact must be given some weight. *Id.* Also, transferring this case to the Bowling Green Jury Division would be expensive and inconvenient for Plaintiff because Plaintiff's counsel is located in Paducah and Plaintiff resides in McCracken County. [DN 1 attachment 1]

The Defendant argues that "Plaintiff's representation as to the convenience to him of keeping this action in the Paducah Division appears to be incorrect." [DN 9 at 3]. Defendant supports this claim by arguing that Plaintiff filed the same action two and a half years ago in Todd Circuit Court and that Defendant mailed letters to Plaintiff at locations that are close to Bowling Green during that same time period. But where the Plaintiff lived two and a half years ago is irrelevant to what jury

division is more convenient for him today. Defendant asks the Court to assume that Plaintiff has not moved in the last two and a half years [*Id.* At 3-4], but the safer assumption is that Plaintiff would not have filed this action in the Paducah Division if the Bowling Green Division were more convenient to him. In other words, this Court will give the fact that Plaintiff filed this action in the Paducah Division the appropriate weight. And Plaintiff indicated on the Civil Cover Sheet that he is a resident of McCracken County, which is located within the Paducah jury division. [DN 1 attachment 1]. For all the reasons discussed above, the private interest factors weigh against transfer.

The public interest factors also weigh against transfer. The action is already filed in the Paducah Division, and a transfer would result in an increased administrative burden on the courts. Also, the local interest in deciding the case at home will be protected in either jury division because Elkton is located in the Western District, roughly half-way between the two courthouses. Finally, the Paducah Division and Bowling Green Division are equally familiar with the governing law. Therefore, the private and public interest factors weigh against transfer.

Because venue is proper in the Western District of Kentucky and because a transfer is not in the interest of justice, the Defendant's motion to dismiss or transfer is DENIED.

## IV. ORDER

For the foregoing reasons, the Defendant's motion to dismiss, or in the alternative, to transfer this action to the Bowling Green Division of the Western District of Kentucky is **DENIED**.

**IT IS SO ORDERED**.

cc: Counsel of Record.

Thomas B. Russell, Senior Judge
United States District Court

September 18, 2018