UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:18-CV-054-TBR

DAVID MILLER D/B/A                                                                          PLAINTIFFS
WORLD FAMOUS LIBBY'S

v.

SENECA SPECIALTY INSURANCE COMPANY, INC.                              DEFENDANT
A/K/A SENECA INSURANCE COMPANY, INC.

## MEMORANDUM OPINION & ORDER

This matter is before the Court upon a motion by Defendant, Seneca Specialty Insurance Company, Inc., for summary judgment. (DN 14). Plaintiff, David Miller D/B/A World Famous Libby's, has chosen not to respond and the time to do so has passed. This matter is ripe for adjudication, and for the following reasons, Defendant's motion for summary judgment (DN 14) is **GRANTED in part** and **DENIED in part.**

## BACKGROUND

This action arises out of a fire that destroyed Plaintiff's commercial building, and all of the personal property located within the building, on October 10, 2013. (DN 1 at 2). Plaintiff's business, "World Famous Libby's," was insured through a policy with the Defendant. *Id.* The insurance policy was effective from July 1, 2013 through January 1, 2014. *Id.* Plaintiff argues that he submitted a professionally prepared valuation report as a proof of loss to Defendant on November 14, 2013. *Id.* Plaintiff alleges that Defendant has failed to pay under the terms of the insurance policy and that Defendant has refused to negotiate with Plaintiff under the terms of the contract. *Id.* at 3.

1

Defendant claims it has paid the policy limit of $1,100,000.00 for the loss of the building in two separate payments. (DN 14-1 at 2). Defendant has not paid for damage caused to personal property caused by the fire. *Id.* Defendant argues that Plaintiff has failed to provide documentation or other information to support the inventory of items he claims were damaged in the fire. *Id.* The insurance policy contains the following provision:

> No one may bring a legal action against us under this policy unless:
> 1. There has been full compliance with all terms of this policy; and
> 2. The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

*Id.* at 3.

Plaintiff originally filed this action in the Commonwealth of Kentucky, Todd Circuit Court. (DN 14-6). Plaintiff's original attorney withdrew on January 18, 2017, and the court ordered that Plaintiff had sixty days to obtain new counsel. (DN 14-7). On April 19, 2017, the state court dismissed the action without prejudice. (DN 14-8).

Plaintiff filed the action that is now before this Court on April 9, 2018. Defendant filed its motion for summary judgment on March 25, 2019. (DN 14). On July 2, 2019, the Court granted Plaintiff an additional twenty-one days to file a response to the motion for summary judgment. (DN 16). Even with the additional twenty-one days, Plaintiff has failed to respond to Defendant's motion. In his Complaint, Plaintiff alleges counts for (1) breach of contract, (2) contractual breach of the implied covenant of good faith and fair dealing, (3) violation of KRS 367.170, and (4) punitive damages. (DN 1 at 3-4). The Court will address each count below.

## STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgement as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 556 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestle USA, Inc.*, 694 F. 3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251-52).

As the party moving for summary judgment, Defendant must shoulder the burden of showing the absence of a genuine dispute of material fact, as to at least one essential element of each of Plaintiff's claims. Fed. R. Civ. P. 56(c); *see Laster*, 746 F.3d at 726 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). If Defendant satisfies its burden of production, Plaintiff "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex Corp.*, 477 U.S. at 324).

**DISCUSSION**

Plaintiff has not responded to Defendant's motion for summary judgment and the time to do so has passed. Pursuant to Joint Local Rule of Civil Practice 7.1(c), "[f]ailure to timely respond to a motion may be grounds for granting the motion." *See also Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (recognizing that a party's lack of response to a motion or argument therein is grounds for the district court's grant of an unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Paulmann v. Hodgdon Powder Co., Inc.*, No. 3:13-CV-0021-CRS-DW, 2014 WL 4102354, *1-2 (W.D. Ky. Aug. 18, 2014) (holding that plaintiffs failure to respond or otherwise oppose defendant's motion to dismiss established that the plaintiff had waived opposition to the motion).

Nevertheless, the Court shall determine whether Defendant has satisfied its burden under Federal Rule of Civil Procedure 56, which requires the moving party to demonstrate that there is no genuine dispute of material fact and that the moving party is therefore entitled to judgment as a matter of law. *See Miller v. Shore Fin. Servs. Inc.*, 141 Fed. App'x 417, 419 (6th Cir. 2005). The Court will address each of Plaintiff's claims individually.

### I. Breach of Contract

Defendant argues that the two-year contractual limitations provision in the Policy bars Plaintiff's breach of contract claim. The Court agrees. Kentucky Courts have consistently applied the rule that an insurance policy may contractually set a shorter limitations period than is provided by statute, *see Webb v. Kentucky Farm Bureau Ins. Co.*, 577 S.W.2d 17 (Ky. Ct. App.

1978), absent a statue or regulatory scheme that such a shorter limitations period would conflict with or a finding it would be unreasonable. *See Elkins v. Kentucky Farm Bureau Mut. Ins. Co.*, 844 S.W.2d 423, 424 (Ky. Ct. App. 1992) (finding one-year time limit was impermissible because it conflicted with two-year limitation allowed by Motor Vehicle Reparations Act); *Pike v. Gov't Employees Ins. Co.*, 174 F. App'x 311, 315 (6th Cir. 2006). *Webb* found that a homeowner's insurance policy provision requiring commencement of suit within 12 months after inception of loss was not in conflict with any statutes—including a statute designating a 15-year statute of limitations for action on a contract—and implicitly found such a limitation was reasonable. *Webb*, 577 S.W.2d at 19 (finding appellant's action to recover for fire loss under homeowner's policy was barred because action was not brought within 12 months of the inception of the loss). Notably, *Webb* found the public policy of Kentucky favors such limitations. *Id.* at 18.

In *Smith*, the Sixth Circuit held that a one-year limitations period "after the inception of loss or damage" in an insurance contract did not conflict with Kentucky law and was reasonable. *Smith v. Allstate Ins. Co.*, 403 F.3d 401, 402-04 (6th Cir. 2005). The *Smith* Court still gave effect to the one-year limitations period, even though the contract prohibited suit during a portion of that year. *Smith*, 403 F.3d at 405; *see also Edmondson v. Pennsylvania Nat'l Mut. Casualty Ins. Co.*, 781 S.W.2d 753, 756 (Ky. 1989). *Smith* held provisions "limiting the time within which an insured may sue are generally valid under Kentucky law." *Id.* at 404 (citations omitted).

In this case, the Policy contains the following provision:

> No one may bring a legal action against us under this policy unless:
> 1. There has been full compliance with all the terms of this policy; and
> 2. The action is *brought within 2 years* after the date on which the direct physical loss or damage occurred.

5

(DN 14-5 at 7). This unambiguous language establishes a two-year limitation period for claims under the Policy. Plaintiff's business burned down on October 13, 2013. Plaintiff filed this action on April 9, 2018. More than four years separate Plaintiff's loss from the filing of this action. Defendant argues that because the Kentucky Supreme Court enforced one-year contractual limitation periods in *Webb* and *Edmondson*, and because the Sixth Circuit enforced a one-year contractual limitation period in *Smith*, that this Court should enforce the two-year limitation period that Plaintiff agreed to be bound by. Plaintiff has chosen not to respond to Defendant's motion for summary judgment, and therefore does not argue that the contractual limitation period is unreasonable or that it conflicts with any statute or regulatory scheme in Kentucky. The Court holds that Plaintiff filed this action beyond the reasonable two-year contractual limitations period, and therefore Plaintiff's breach of contract claim is **DISMISSED.**

## II.     Breach of the Implied Covenant of Good Faith and Fair Dealing.

Defendant argues that it is entitled to summary judgment on Plaintiff's bad faith claim because the contractual limitations period has now expired. The Court disagrees. Kentucky applies a "single test" for measuring "the merits of bad-faith claims, whether brought . . . under common law or statute." *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 527 (6th Cir. 2006); *accord Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993). The test requires the insured to establish: (1) that the insurance policy obligates the insurer to pay the insured's claim; (2) that the insurer's denial lacks a reasonable basis in law or fact; and (3) that the insurer knowingly or recklessly acted without a reasonable basis for denying the claim. *See Rawe*, 462 F.3d at 527; *accord Wittmer*, 864 S.W.2d at 890.

Defendant only advances one argument regarding why Plaintiff's bad faith claim must be dismissed. Defendant argues that "because [Plaintiff's] breach of contract claim is barred by the limitations provision in the policy, [Defendant] has no obligation to pay [Plaintiff] further benefits under the policy. In the absence of a contractual obligation to pay his personal property insurance claim, [Plaintiff's] bad faith claim must also be dismissed." (DN 14-1 at 7). In other words, Defendant argues that the bad faith claim must fail because the breach of contract claim is time-barred.

The Court is persuaded, however, by the reasoning of the United States District Court for the Eastern District of Kentucky in *Barjuca v. State Farm Fire and Cas. Co.*, No. 5:11-cv-380-JMH-REW, 2013 WL 6631999, 2013 U.S. Dist. LEXIS 176522 (E.D. Ky. Dec. 17, 2013). In *Barjuca*, the Barjucas' house was damaged by a fire resulting from a lightning strike to a gas line. *Id.* at *1. State Farm covered the cost of repair to the home pursuant to the policy, but the Barjucas and State Farm disagreed about the damage to items of personal property and the amount which the Barjucas were owed under the policy. *Id.* The Barjucas filed a complaint against State Farm alleging breach of contract and bad faith. *Id.* State Farm moved for summary judgment, arguing that it was entitled to judgment as a matter of law because the Barjucas filed their claims outside the one-year contractual limitation period provided by the insurance policy. *Id.* The court granted summary judgment on the breach of contract claim but denied summary judgment on the bad faith claim. *Id.* at *10.

In denying summary judgment on the bad faith claim, the *Barjucas* court held "[t]he Court cannot find that the bad faith claim must fail due to the breach of contract claim being time-barred." *Id.* at *9. The Court explained:

> Here . . . there is an insurance policy and there has been no finding that [the insurance company] was not obligated to pay the [plaintiffs'] claim under the express provisions of the policy. A finding that the claim is now time barred does not preclude the [plaintiffs] from arguing that [the insurance company] indeed 1) had an obligation to pay the claims under the terms of the policy; 2) denied the claim without a reasonable basis; and 3) either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.

*Id.* (quoting *Tennant v. Allstate Ins. Co.*, No. 04-cv-54, 2006 WL 319046, at *8 (E.D.Ky. Feb. 10, 2006) (citations omitted)).

In this case, like in *Barjucas*, the Court has only found that the Plaintiff's breach of contract is procedurally barred. There has been no determination that Defendant did not have an obligation to pay Plaintiff's insurance claims under the policy. *See Barjucas*, 2013 WL 6631999 at *9. The Court's holding that Plaintiff cannot succeed on his breach of contract claim that he filed after the agreed upon limitation period for such action has expired does not resolve the issue of whether Defendant had an obligation to pay the claim when the payment was allegedly due under the policy. The first element of the bad faith claim depends on whether Defendant was obligated to pay Plaintiff's claim when it was due under the policy. The bad faith claim does not depend, as Defendant asserts, on whether Plaintiff currently has a meritorious claim for breach of contract in federal court. If Defendant was obligated to pay Plaintiff's claim under the terms of the insurance policy *when such payment was due*, then the first element of Plaintiff's bad faith claim is satisfied. The fact that the terms of the policy preclude the Court from awarding a civil judgment to Plaintiff on his breach of contract claim *today* does not necessarily establish that Defendant lacked an obligation to pay Plaintiff's insurance claim when Plaintiff submitted it to Defendant. This is especially true where Plaintiff's breach of contract claim is barred, as it is here, by a contractual limitations period.

Defendant argues that "Kentucky federal district courts have repeatedly dismissed bad faith claims as a matter of law when the policy provisions precluded an obligation to make payment under the policy." (DN 14-1 at 9). But none of the cases that Defendant cites are directly on point. Instead, Defendant's cases stand for the proposition that a plaintiff's bad faith claim must be dismissed where the defendant had no obligation to pay the plaintiff's insurance claim when the plaintiff submitted the claim to the defendant. *See Muscutt v. Allstate Prop. & Cas. Ins. Co.*, 2014 WL 4437650 *7 (W.D. Ky. Sept. 9, 2014) (where homeowners insurance policy *excluded coverage for water damage*, bad faith claim based on denial of claim dismissed); *C.A. Jones Management Group, LLC v. Scottsdale Indem. Co.*, 2016 WL 3460445 *7 (W.D. Ky. June 21, 2016) (where no coverage for *liability claim presented outside policy period*, bad faith claim based on denial of claim dismissed); *Acuity Ins. Co. v. Higdon's Sheet Metal & Supply Co., Inc.*, 2007 WL 1034986 *4 (W.D. Ky. Apr. 3 2007) (where policy *did not cover property damage occurring outside policy period*, bad faith claim based on denial of claim dismissed); *Travelers Prop. Cas. Co. of Amer. V. B&W Resources, Inc.*, 2006 WL 3068810 *5 (E.D. Ky. Oct. 26, 2006) (where commercial liability policy *excluded property damage* claim, bad faith claim based on denial of claim dismissed). Defendant does not argue that the policy in this case excluded coverage from fire damage, that it excluded coverage from the property at issue in this case, that the property damage occurred outside the policy period, or that Plaintiff submitted the insurance claim to Defendant outside of the policy period. Instead, Defendant argues that Plaintiff's bad faith claim must be dismissed because Plaintiff filed his civil action outside of the contractual limitation period. Therefore the cases Defendant cites are not instructive on this issue.

Defendant also cites to *Smith v. Allstate Ins. Co.*, 403 F.3d 401, 407 (6th Cir. 1995) to support his argument. Defendants reliance on *Smith*, however, is misguided. In *Smith*, the bad faith

claim depended entirely on the validity of the contractual limitation period because the Smiths' bad faith claim was premised on the theory that it was "impossible to comply with the policy provisions within the one-year limitations period for filing suit." Therefore, the court's conclusion that the contractual limitations provision was enforceable was dispositive of the Smiths' claim that invocation of the provision constituted bad faith on the part of the insurer. *Id.* But, in this case, Plaintiff does not argue that the Defendant breached its duty of good faith by invoking the limitations period. Instead, Plaintiff claims that "Defendants breached their duty of good faith and fair dealing by refusing to properly compensate the Plaintiff." (DN 1 at 4). Therefore it is possible in this case, unlike in *Smith*, for both the contractual limitations period to be valid and enforceable *and* for Plaintiff to have a meritorious bad faith claim.

Because Defendant has not established that it is entitled to judgment as a matter of law, the motion for summary judgment is **DENIED** regarding the bad faith claim.

### III. Violation of KRS 367.170 of the Kentucky Consumer Protection Act ("KCPA").

Defendant argues that it is entitled to summary judgment on Plaintiff's KCPA claim because, *inter alia*, the KCPA does not apply to commercial insurance policies. The Court agrees. "The KCPA prohibits '[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce. . . .'" *State Auto. Property & Cas. Co. v. There is Hope Community Church*, No. 4:11-CV-149-JHM, 2014 WL 3648008 *4, 2014 U.S. Dist. LEXIS 100147 (W.D. Ky. July 23, 2014) (quoting KRS 367.170(1)). "[T]he KCPA authorizes a private right of action brought by '[a]ny person who purchases or leases goods or services *primarily for personal, family or household purposes* and thereby suffers any ascertainable loss of money or property, real or

personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by KRS 367.170.'" *Id.* (quoting KRS 367.220) (emphasis added).

In *State Auto.*, the pastor of a church that had burned down asserted breach of contract, waiver, bad faith and unfair claims settlement practices, and Kentucky Consumer Protection Act claims against the insurer of the church. 2014 WL 3648008. In granting the insurance company's motion for summary judgment, the court explained that "[i]ndividuals under the KCPA cannot recover damages for services or goods that are used for commercial purposes even if the claim is filed by an individual instead of the actual business." *Id.* at *4 (citing *Keeton v. Lexington Truck Sales, Inc.*, 275 S.W.3d 723, 726 (Ky. App. 2008) (finding that an individual who purchased a truck for commercial purposes could not maintain a cause of action under the KCPA)). The *State Auto* court therefore held that the pastor could not maintain a cause of action under the KCPA against the insurance company and dismissed the KCPA claim. *Id.*; *See also Skilcraft Sheetmetal, Inc. v. Kentucky Machinery, Inc.*, 836 S.W.2d 907, 909 (Ky. App. 1992) ("To maintain an action alleging a violation of the [KCPA], however, an individual must fit within the protected class of persons defined in KRS 367.220.").

The Policy that is the subject of this case is a commercial policy that provided coverage to Plaintiff's restaurant. (DN 14-5 at 4). Defendant argues that "[b]ecause such policy was indisputably not provided primarily for 'personal, family or household purposes,' [Plaintiff] falls outside the class of persons entitled to bring a [KCPA] claim, which therefore must be dismissed." (DN 14-1 at 11) (quoting KRS 367.220(1)). Plaintiff has chosen not to respond to Defendant's motion for summary judgment and therefore does not dispute that he falls outside of the class of plaintiffs entitled to bring a KCPA claim. The Court holds that Plaintiff cannot

maintain a KCPA claim because the Policy at issue is not primarily for personal, family, or household purposes. Therefore, Plaintiff's KCPA claim is **DISMISSED.**

## IV. Punitive Damages.

Count IV of Plaintiff's Complaint alleges a claim for punitive damages. A claim for punitive damages, however, is not a separate cause of action but rather is a remedy available in some cases. *See Fox v. Lovas*, No. 5:10-CV-219, 2011 U.S. Dist. LEXIS 30480 n. 1, 2011 WL 1106760 (W.D. Ky. March 23, 2011); *Southwynd, LLC v. PBI Bank, Inc.*, 2014 WL 2575410 *3 (W.D. Ky. June 9, 2014) (citing *Horton v. Union Light, Heat & Power Co.*, 690 S.W.2d 382, 389 (Ky. 1985)). Therefore, Plaintiff's punitive damages claim is **DISMISSED.**

## ORDER

**IT IS HEREBY ORDERED,**

(1) that Defendant's motion for summary judgment (DN 14) is **GRANTED in part**, in so far as Plaintiff's claims for breach of contract (Count I), violation of KRS 367.170 of the Kentucky Consumer Protection Act (Count III), and punitive damages (Count IV) must be dismissed, and **DENIED in part**, in so far as Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is not dismissed;

(2) that Plaintiff's claims for breach of contract (Count I), violation of KRS 367.170 of the Kentucky Consumer Protection Act (Count III), and punitive damages (Count IV) are **DISMISSED;**[1] and

---

[1] This Order does not preclude Plaintiff from recovering punitive damages as a remedy for his bad faith claim, should he succeed on that claim.

(3) this matter is set for a telephonic status conference for August 23, 2019, at 9:30 a.m. Central Daylight Time (CDT). **Plaintiff, David Miller**, **Richard Null,** and **Counsel for Defendant** must each call **1-877-848-7030** then give the **Access Code 2523122 and #**, then when prompted **press # again** to join the call.

**IT IS SO ORDERED.**

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge
United States District Court**

July 29, 2019

CC: Counsel of Record.
CC: David Miller
     1826 Welcome Road
     Williamston, SC 29697